WM. BURK V. THE STATE.

No. 11146.    Delivered November 23, 1927.

Rehearing denied January 4, 1928.

1.—**Manufacturing Intoxicating Liquor—Special Term of Court—Securing Jury—Held proper.**

Where, during a regular term of district court, the judge called a special term to be convened after the adjournment of his regular term,

and appointed jury commissioners to select persons to compose the grand and petit jurors for such special term, the procedure under Arts. 1921 and 2104 of the Revised Civil Statutes, and Art. 640, C. C. P. of 1925, were proper. Also see King v. State, 90 Tex. Crim. Rep. 289; Sanchez v. State, 94 Tex. Crim. Rep. 606, and other cases cited in original opinion.

**2.—Same—Charge of Court—On Principals—Properly Given.**

Where appellant was actually present at a still in operation, and manufacturing whiskey, and three other persons were also present, aiding in the unlawful enterprise, the court properly charged the jury on the law of principals.

**3.—Same—Charge of Court—On Defensive Theory—Correctly Presented.**

Where appellant explained his presence at a still in operation, manufacturing whiskey, as being accidental, and that he was not involved in its manufacture, this defensive issue was correctly and properly presented in the court's main charge.

ON REHEARING.

**4.—Same—Selection of Jury—No Error Shown.**

On rehearing we are confirmed in the correctness of our original opinion, that the selection of the jury which tried appellant, was in accord with and authorized by Art. 1920, R. C. S of 1925. The jury was not drawn, nor were the jury commissioners appointed during vacation, and the question of a vacation drawing or appointment is not before us.

Appeal from the District Court of Panola County. Tried below before the Hon. R. T. Brown, Judge.

Appeal from a conviction for manufacturing intoxicating liquor, penalty one year and six months in the state penitentiary.

The opinion states the case.

*Woolworth & Baker* of Carthage, for appellant.

*A. A. Dawson,* State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The offense is the unlawful manufacture of intoxicating liquor, punishment fixed at confinement in the penitentiary for one year and six months.

From bill of exceptions No. 1, as qualified, we understand that at the term preceding the March term of the district court, jury commissioners were appointed to select grand and petit juries for the March term; that after they had performed that service and had been discharged, the judge concluded to call a special term of court to begin on the second day of May, and upon entering the order for the convening of the special term (which order was made on April 5th), the court appointed jury commissioners to select persons to compose the grand and petit

juries for the special term of court. Claiming that the procedure mentioned was violative of the statutory provisions relating to the subject of the selection of juries, the appellant sought to quash the array, pointing to Articles 1921 and 2104 of the Revised Civil Statutes, and Articles 333, C. C. P. Art. 640, C. C. P., 1925, may also be taken into account in considering the point made. From that article we quote:

"When, from any cause, there are no regular jurors for the week from whom to select a jury, the court shall order the sheriff to summon forthwith such number of qualified persons as it may deem sufficient; and, from those summoned, a jury shall be formed."

Touching this subject, in a recent case, the following remarks were made:

"This court has held where there was an arbitrary refusal to appoint jury commissioners at the previous term that advantage might be taken of such failure by one on trial for the succeeding term. (See Woolen v. State, 68 Tex. Crim. Rep. 189.) Where the failure to appoint jury commissioners at the previous term was by inadvertence, or for some good cause, complaint of it is not tenable, but the judge at the succeeding term would have the privilege of supplying a jury either by the appointment then of jury commissioners or supplying a jury under the terms of Art. 640, supra, or Art. 2108, R. S., 1925. See Ex Parte Holland, 91 Tex. Crim. Rep. 343; Sanchez v. State, 94 Tex. Crim. Rep. 606, 252 S. W. 548; Gray v. State, 99 Tex. Crim. Rep. 305, 268 S. W. 941; Bennett v. State, 95 Tex. Crim. Rep. 422, 253 S. W. 949. One who would take advantage of the failure to appoint jury commissioners must assume the burden of showing that the failure was not for good cause. (Sanchez v. State, supra.) It has been held that if, during a regular term, a special term is called to convene after adjournment of the regular term and the necessity for a jury commission is not foreseen by the regular judge, and he, for that reason, omits the appointment of jury commissioners, the judge presiding at the special term may proceed to secure a jury either by the appointment of jury commissioners or by an order summoning jurors by the sheriff, as provided in Art. 640, supra. See King v. State, 90 Tex. Crim. Rep. 289; Sanchez v. State, supra." (Avery V. Millikin et al. v. Hon. M. C. Jeffrey, Dist. Judge, No. 11448, not yet reported.)

In the present instance the court at the regular term (at the time he called the special term) having appointed jury commissioners by whom the list from which the jury which tried

the appellant was drawn, we are unable to perceive any substantial departure from the procedure prescribed by statute.

In bill No. 2 the sufficiency of the court's charge is assailed upon several grounds: First, that the facts called for no charge on the law of principal offender; second, that the charge did not embrace the affirmative defense of the appellant, namely, that his presence was that of a mere bystander; third, that the converse of the law of principals was not embodied in the charge; fourth, that the jury was not instructed that the mere presence of the appellant would not warrant his conviction. In qualifying the bill the court refers to subdivisions 1, 3, 4, 5 and 6 of the court's charge as meeting the objections mentioned.

From the statement of facts it appears that the state's witness observed a still upon the Adams place, at which there were four persons present, namely, Collier, Adams, Davis and (Burk) the appellant. According to the witness, they had a complete equipment for manufacturing intoxicating liquor and had manufactured about five gallons of whiskey. To quote him: "In other words, they had run one barrel when we got there and was filling it the second time when we got there." The barrels containing the mash were each of a 50-gallon capacity. The appellant and Adams were seen by the witness carrying mash from one of the barrels to the still. The still was located in a small pine thicket. Upon the arrival of the officers all the parties ran except Davis, who was crippled.

There was evidence that the still belonged to Alex Adams, who was one of the persons present, but who at the time of the trial was dead.

The appellant introduced witnesses to the effect that his reputation as a law-abiding citizen was good prior to the transaction in question. He testified that he lived about three-fourths of a mile from the Adams place; that at the time of the raid he had been there ten or fifteen minutes; that when he arrived at the still Alex Adams and Mat Collier were there, and that he had no interest in the still, whiskey or mash. He claimed that while on his way to Henry Stewart's house he "heard somebody and went out across there where they were;" that when the officers came he ran; that they did not catch him, as he outran them. He also claimed that he had no previous knowledge of the location of the still and that his presence was accidental; that he did not take any part in manufacturing the whiskey; and that he did not help to carry a tub of mash. However, he admitted that he knew before he went there that they were making whiskey.

The contention that the law of principals was not called for cannot be sustained. The offense was being committed while the appellant was present. According to the state witnesses, he was taking part in the enterprise. According to the appellant's testimony, as we understand it, he knew that the still was in operation before he went there, but took no part in the transaction.

In paragraph 3 the jury was told in substance that if they believed, beyond a reasonable doubt, that the appellant was acting with Collier, Davis and Adams, either alone or acting with the parties named and engaged in manufacturing intoxicating liquor, a conviction would be authorized.

In paragraph 4 the jury was instructed accurately upon the law of principals, all being present and participating in the commission of the offense. He also charged that all persons knowing the unlawful intent of the others and being present, aided or encouraged by words or gestures those actually engaged in the commission of the offense, would be principals; and that all persons who had previously agreed to the commission of the offense and are present, are principals. On all three phases of these matters the court embraced an instruction to the jury in which we have perceived no fault so far as the form and substance of it are concerned.

In paragraph 5 there is a charge on circumstantial evidence.

Paragraph 6 of the charge reads as follows:

"If you should believe from the evidence in this case that equipment for the manufacture of intoxicating liquors was possessed, or that intoxicating liquors were being manufactured, on or about the time and place charged in the indictment, and you further believe that the defendant was there at the time; but if you should further believe that the defendant was merely an innocent bystander, or had just happened along there on his way to Stewart's, and was not exercising any management or control over the said equipment for the manufacture of intoxicating liquors, or the manufacture of intoxicating liquors, if any, and was not aiding by acts or encouraging by words or gestures the possession of said equipment for the manufacture of intoxicating liquors, or the manufacture of intoxicating liquors, if any, then you will acquit the defendant; or if you should have a reasonable doubt as to either one of said propositions, then you will acquit the defendant."

The court's charge is deemed to have properly instructed the

jury upon the issues arising from the evidence, including the theory of the defense.

The judgment is affirmed.

*Affirmed.*

## ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant insists that we were in error in not sustaining his attack on the jury panel. We have again examined the question. Unless we misapprehend the facts revealed by the bill bringing the point forward for review the action of the court seems to be expressly authorized by Art. 1920, R. C. S. (1925), which reads:

"Whenever a district judge deems it advisable to hold a special term of the district court in any county in his district, such special term may be held; and such judge may convene such term at any time which may be fixed by him. Such district judge may appoint jury commissioners, who may select and draw grand and petit jurors in accordance with the law. Such jurors may be summoned to appear before such district court at such time as may be designated by the judge thereof. In the discretion of the district judge, a grand jury need not be drawn or empaneled. No new civil cases can be brought to a special term of the district court."

During the March term of the court the judge deemed it advisable and necessary to call a special term. On the 5th day of April and during the regular term he caused to be entered on the minutes a call for the special term of court, designating May 2nd as the beginning of said special term. On April 5th he appointed jury commissioners to draw petit jurors for the special term, he having determined that a grand jury would not be needed at that time. The jury commissioners appointed drew the petit jurors for the special term and reported their action to the court during the regular term. It was the jury so drawn which appellant attacked. The jury was not drawn nor the commissioners appointed during vacation, hence it is not necessary to consider whether a vacation drawing or appointment would have been legal.

The motion for rehearing is overruled.

*Overruled.*