OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS

March 14, 2001

The Honorable Homero Ramirez
Webb County Attorney
P.O. Box 420268
Laredo, Texas 78042-0268

Opinion No. JC-0356

Re: Whether the 406th District Court of Webb County has criminal jurisdiction (RQ-0299-JC)

Dear Mr. Ramirez:

You ask whether the 406th District Court of Webb County has criminal jurisdiction. We conclude that it does.

House Bill 400, enacted in 1999 in part as section 24.551 of the Government Code,[1] creates the 406th District Court of Webb County:

(a) The 406th Judicial District is composed of Webb County.

(b) The 406th District Court shall give preference to cases involving family violence, cases under the Family Code, and cases under the Health and Safety Code.

TEX. GOV'T CODE ANN. § 24.551 (Vernon Supp. 2001). In the same bill, subsection (f) of section 24.151 of the Government Code was also amended.[2] Section 24.151 now reads, in full:

(a) The 49th Judicial District is composed of Webb and Zapata Counties.

(b) In addition to other jurisdiction provided by law, the 49th District Court has the civil and criminal jurisdiction of a county court.

(c) The 49th District Court has concurrent jurisdiction with the other district courts in Webb County.

---

[1]See Act of May 30, 1999, 76th Leg., R.S., ch. 1337, § 15, 1999 Tex. Gen. Laws, 4547, 4550.

[2]See id. § 17.

(d) Indictments returned to the 49th District Court in Webb County may also be returned to any other court in Webb County with the appropriate criminal jurisdiction.

(e) The terms of the 49th District Court begin:

(1) in Webb County on the first Mondays in January, April, June, September, and November; and

(2) in Zapata County on the first Mondays in March and August.

(f) In Webb County, the clerk of the district courts shall file all civil cases, except tax suits, on the Clerk's Civil File Docket and shall number the cases consecutively. All tax suits shall be assigned and docketed in the 49th District Court. All cases involving family violence, all cases under the Family Code, and all cases under the Health and Safety Code shall be assigned and docketed in the 406th District Court. All other civil cases shall be assigned and docketed at random by the district clerk. The clerk shall keep a separate file docket, known as the Clerk's Criminal File Docket, for criminal cases and a separate file docket, known as the Clerk's Tax Suit Docket, for tax suits. The clerk shall number the cases on the Clerk's Tax Suit Docket consecutively with a separate series of numbers and shall number the cases on the Clerk's Criminal File Docket consecutively with a separate series of numbers.

*Id.* § 24.151. The background portion of the bill analysis to House Bill 400 states:

State district courts are the state's primary trial courts. They exercise original jurisdiction over felony criminal prosecutions, suits for divorce, suits over title to land, election contests, defamation suits, and civil suits with an amount in controversy of at least $200. District courts hear contested matters involved in probate cases and have general supervisory control over commissioners courts. In addition, district courts have general original jurisdiction over all causes of action for which a remedy or jurisdiction is not provided by law or by the state constitution, and they have power to issue all writs necessary to enforce their jurisdiction.

HOUSE RESEARCH ORGANIZATION, BILL ANALYSIS, Tex. H.B. 400, 76th Leg., R.S. (1999).

You suggest that it is unclear whether the 406th District Court has criminal jurisdiction.[3] You base this uncertainty on the following factors: (1) section 24.551 does not specifically confer criminal jurisdiction on the court; (2) the court is instructed to "give preference to" certain kinds of cases, *see* TEX. GOV'T CODE ANN. § 24.551 (Vernon Supp. 2001); (3) subsection 24.151(d) states that "[i]ndictments returned to the 49th District Court . . . may also be returned to any other court in Webb County with the appropriate criminal jurisdiction," *id.* § 24.151(d); and (4) subsection (b) of section 24.151 provides that "the 49th District Court has the civil and criminal jurisdiction of a county court." *Id.* § 24.151(b). *See also* Request Letter, note 3, at 4-5.

Section 8 of article V of the Texas Constitution provides, in relevant part:

> District Court jurisdiction consists of exclusive, appellate, and original jurisdiction of all actions, proceedings, and remedies, except in cases where exclusive, appellate, or original jurisdiction may be conferred by this Constitution or other law on some other court, tribunal, or administrative body. District Court judges shall have the power to issue writs necessary to enforce their jurisdiction.
>
> . . . .

TEX. CONST. art. V, § 8. The legislature has implemented this provision by enacting article 4.05 of the Code of Criminal Procedure, which states:

> District courts and criminal district courts shall have original jurisdiction in criminal cases of the grade of felony, of all misdemeanors involving official misconduct, and of misdemeanor cases transferred to the district court under Article 4.17 of this code.

TEX. CODE CRIM. PROC. ANN. art. 4.05 (Vernon Supp. 2001). This statute confers "exclusive jurisdiction over all causes of action not explicitly reserved to other courts," and that "jurisdiction includes criminal actions." *Ex parte Cantu*, 913 S.W.2d 701, 704 (Tex. App.–San Antonio 1995, pet. ref'd). Sections 24.151 and 24.551 are not in conflict with article 4.05 of the Code of Criminal Procedure. Rather, as the bill analysis to House Bill 400 recognizes, the latter provision supplements the former by making clear that the 406th District Court has criminal jurisdiction.

The presence of article 4.05 thus means that it is unnecessary for the legislature to declare, when it creates a district court, that such court has criminal jurisdiction, unless the enabling statute or some other law restricts its jurisdiction. Because, in the words of *Cantu*, exclusive criminal jurisdiction in Webb County has not been "explicitly reserved" to courts other than the 406th District Court, it follows that the 406th District Court has criminal jurisdiction.

---

[3]*See* Letter from Honorable Homero Ramirez, Webb County Attorney, to Honorable John Cornyn, Texas Attorney General (Oct. 11, 2000) (on file with Opinion Committee) [hereinafter Request Letter].

We will briefly address your other concerns. Subsection 24.551(b) does not negate the criminal jurisdiction of the 406th District Court. It merely requires that court to "give preference to" certain kinds of cases. *See* TEX. GOV'T CODE ANN. § 24.551(b) (Vernon Supp. 2001). Subsection (f) of section 24.151 implements this directive by requiring the Webb County district clerk to assign those cases to the 406th District Court. *See id.* § 24.151(f). Giving preference to one category of cases does not mean that other categories are excluded. Consequently, the 406th District Court has the standard jurisdiction of a district court, in both civil and criminal matters, provided for in article V, section 8, of the Texas Constitution and the implementing legislation enacted thereunder. *See* TEX. CONST. art. V, § 8; TEX. GOV'T CODE ANN. §§ 24.151, .551 (Vernon Supp. 2001).

Neither does the declaration in subsection (b) of section 24.151, that "the 49th District Court has the civil and criminal jurisdiction of a county court," mean that *other* district courts in Webb and Zapata Counties lack the criminal jurisdiction of a *district* court. Finally, subsection (d) of section 24.151 does not deny the 406th District Court's criminal jurisdiction. It holds merely that indictments returned to the 49th District Court "may also be returned to any other court in Webb County with the appropriate criminal jurisdiction." *See* TEX. GOV'T CODE ANN. § 24.151(d) (Vernon Supp. 2001). In our opinion, the use of the phrase "appropriate criminal jurisdiction" is intended simply to buttress subsection (b)'s extension of county court criminal jurisdiction to the 49th District Court. *See id.* § 24.151(b), (d).

We conclude that the 406th District Court of Webb County has criminal jurisdiction.

## S U M M A R Y

The 406th District Court of Webb County has criminal jurisdiction.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

SUSAN D. GUSKY
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General - Opinion Committee