11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Jerry Mac Dennis, Jr.

Appellant

Vs.                   No. 11-01-00403-CR B Appeal from Scurry County

State of Texas

Appellee

 

Appellant filed a pro se notice of appeal
challenging the trial court=s
October 9, 2001, order denying his pro se application for post-conviction writ
of habeas corpus.  We dismiss the appeal
for want of jurisdiction.

The record reflects that, in 1977, appellant was
originally convicted, upon his plea of guilty, of murder.  In September 2001, appellant filed in the
trial court a pro se writ of habeas corpus in which he argued that his
application was not Aa
direct attack on [his]  conviction@ but was an attack on the Alengthening of his sentence
by the State=s refusal
to credit him with the time he spent released to parole.@  After
the trial court denied his application, the Texas Court of Criminal Appeals
returned the application for failure to follow the prescribed form for TEX.
CODE CRIM.  PRO. ANN. art. 11.07 (Vernon
Supp. 2002) relief.  Appellant then
filed his notice of appeal stating that he desired to appeal to the court of
appeals and that his application was not for relief pursuant to Article 11.07
but for relief under TEX. CODE CRIM. PRO. ANN. arts. 11.05 and 11.08 (Vernon
1977).

After the clerk=s
record was filed in this court on November 30, 2001, the clerk of this
court  wrote the parties advising that
the October 9, 2001, order did not appear to be an appealable order and
directing appellant to respond within 10 days showing grounds for continuing
the appeal. Appellant has responded to our December 3, 2001, letter.

Appellant relies on the case of Ex parte Cantu,
913 S.W.2d 701 (Tex.App. - San Antonio1995, pet=n
ref=d), to support his
position that this court has jurisdiction to consider his appeal.  However, Cantu is factually
distinguishable.  Cantu involved
the trial court=s
denial of a special pre-conviction plea of double jeopardy.  Cantu=s
appeal was authorized pursuant to former TEX.R.APP.P. 44 now TEX.R.APP.P.
31.  In the present case, appellant is
asserting habeas corpus claims after his felony conviction.  Rule 31 does not authorize an appeal to an
intermediate appellate court in such a situation.

Appellant further contends in his response that
TEX. CONST. art. I, '
12[1];
TEX. CONST. art. V, '
8[2];
and TEX. CODE CRIM. PRO. ANN. arts. 11.01,[3]
11.05,[4]
and 11.08[5]
(Vernon 1977 & Supp. 2002) allow this court to consider his appeal.  We disagree.  None of the authorities appellant cites confer jurisdiction to
this court.

Appellant is seeking relief following his felony
conviction.  This court lacks jurisdiction
to consider an appeal from the denial of an application.  Article 11.07.  The appeal is dismissed for want of jurisdiction.

 

PER CURIAM

 

January 10, 2002

Do not publish.  See
TEX.R.APP.P. 47.3(b).

Panel
consists of: Arnot, C.J., and

Wright,
J., and McCall, J.                                 











[1]Article I, section 12 provides that the writ of habeas
corpus shall be a writ of right.





[2]Article V, section 8 defines the jurisdiction of the
district courts.





[3]Article 11.01 defines the writ of habeas corpus.





[4]Article 11.05 provides that the Court of Criminal
Appeals, the district courts, the county courts, and any judge of those courts
have the authority to issue writs of habeas corpus.  The courts of appeals are not named in this article.





[5]Article 11.08 provides that an applicant indicted and
confined on felony charges applies for a writ of habeas corpus to the judge of
the court in which he was indicted.