



## MEMORANDUM OPINION

No. 04-11-00147-CR

John David **PRATT**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 290th Judicial District Court, Bexar County, Texas
Trial Court No. 2008-CR-9783
Honorable Melisa Skinner, Judge Presiding

PER CURIAM

Sitting:     Phylis J. Speedlin, Justice
             Rebecca Simmons, Justice
             Steven C. Hilbig, Justice

Delivered and Filed:  May 11, 2011

DISMISSED FOR WANT OF JURISDICTION

On February 16, 2011, appellant filed a notice of appeal from the trial court's pre-trial order denying his special plea of double jeopardy. Appellant's special plea alleges that double jeopardy bars his criminal prosecution for aggravated assault with a deadly weapon, to wit: a motor vehicle, because he was previously convicted of DWI arising out of the same criminal transaction. *See* TEX. CODE CRIM. PROC. ANN. art. 27.05 (West 2006). We do not have jurisdiction over an interlocutory appeal from a denial of a special plea of double jeopardy. *Ex*

*parte Apolinar*, 820 S.W.2d 792, 794 (Tex. Crim. App. 1991). The special plea of double jeopardy is a mechanism for avoiding reconviction, not retrial. *Id.* (noting the facts concerning the special plea are determined during trial on the merits). If a trial court construes a special plea of double jeopardy as a pre-trial petition for writ of habeas corpus, this court has jurisdiction to review denial of the habeas relief. *See* TEX. CODE CRIM. PROC. ANN. arts. 11.01-.03 (West 2005); *Ex parte Cantu*, 913 S.W.2d 701, 703-704 (Tex. App.—San Antonio 1995, pet. ref'd) (trial court may choose to construe pleading styled as a special plea of double jeopardy as a habeas petition, but appellate court may not). Here, the appellate record shows the trial court treated the appellant's double jeopardy challenge as a special plea of double jeopardy, and did not construe it as a petition for writ of habeas corpus. *C.f.*, *Ex parte Cantu*, 913 S.W.2d at 703-705 (record affirmatively showed trial court proceeded as if special plea were a writ of habeas corpus). Therefore, on March 24, 2011, we ordered appellant to show cause why this appeal should not be dismissed for lack of jurisdiction. Appellant did not respond. Accordingly, this appeal is dismissed for want of jurisdiction.

PER CURIAM

DO NOT PUBLISH