**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-17-00461-CR**

_____

**RONNIE LEE HACKETT JR., Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 221st District Court**
**Montgomery County, Texas**
**Trial Cause No. 17-05-06184-CR**

**MEMORANDUM OPINION**

The trial court denied appellant Ronnie Lee Hackett Jr.'s (Hackett) motion for enforcement of a purported plea agreement. Hackett filed an accelerated appeal with this Court. The State filed a motion to dismiss this accelerated appeal in which the State argues that this Court lacks jurisdiction. We grant the State's motion and dismiss the appeal.

Underlying Facts

Hackett was indicted for injury to a child. The caption stated that the offense is a first-degree felony, but the body of the indictment alleged that Hackett recklessly caused bodily injury to the child victim. After being admonished regarding a first-degree felony punishment range, Hackett entered an open plea of guilty on October 26, 2017. On November 8, 2017, the trial judge conducted another hearing, at which the trial judge noted that when Hackett was charged, the indictment included an allegation that Hackett was "reckless[,]" which would be a second-degree felony, yet Hackett had pleaded and waived his rights on a first-degree felony. The State proposed that the trial court reconsider accepting Hackett's guilty plea because it was not made knowingly, freely, and voluntarily. The trial judge stated, "I will . . . withdraw the plea and I will find that it didn't appear to be freely and voluntarily made because . . . this involved a first degree felony due to the nature of the death of a child." The trial judge rejected the plea on Hackett's behalf and entered a plea of not guilty. The State moved to amend the indictment by striking the word "recklessly" and changing the indictment's language to allege that Hackett "intentionally and knowingly" caused serious bodily injury. Defense counsel stated that he had no objection. The trial court granted the State's motion for leave to amend the indictment.

On November 14, 2017, Hackett filed a motion for enforcement of plea agreement and notice of double jeopardy. In the motion, Hackett alleged that he and the State had entered into a plea bargain agreement that was enforceable as a contractual arrangement. Hackett asserted that the trial judge erred by withdrawing the plea on her own and ordering a new trial, and Hackett argued that jeopardy attached "when the plea agreement was accepted by the Court." On November 14, 2017, the trial judge conducted a hearing on Hackett's motion. During that hearing, defense counsel argued that Hackett's previous guilty plea constituted a bench trial, and that Hackett is entitled to have the plea enforced. The judge stated, "Well, here is the problem though. It wasn't a plea agreement. It was an open plea." The prosecutor stated that although the parties had engaged in plea negotiations on the original indictment, the State never intended to treat the offense as anything other than a first-degree felony. The trial judge denied Hackett's motion, and Hackett appealed. The State filed a motion to dismiss Hackett's appeal, in which the State argues that this Court lacks jurisdiction.

## Analysis

We lack jurisdiction to review interlocutory orders unless that jurisdiction has been expressly granted by law. *Apolinar v. State*, 820 S.W.2d 792, 794 (Tex. Crim. App. 1991). Although a trial court may construe a motion asserting double jeopardy

as an application for habeas corpus by looking to the motion's essence, intermediate Courts of Appeals may not do so. *Ex parte Cantu*, 913 S.W.2d 701, 704 (Tex. App.—San Antonio 1995, pet. ref'd). In the instant case, nothing in the record suggests that the trial court treated Hackett's motion as an application for writ of habeas corpus. The order from which Hackett appeals is an interlocutory order, and we therefore lack jurisdiction over the appeal. *See Apolinar*, 820 S.W.2d at 794; *Ex parte Cantu*, 913 S.W.2d at 704. Accordingly, we dismiss the appeal for lack of jurisdiction.

APPEAL DISMISSED.

_____
LEANNE JOHNSON
Justice

Submitted on February 13, 2018
Opinion Delivered February 14, 2018
Do Not Publish

Before Kreger, Horton, and Johnson, JJ.