In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-19-00071-CR**
_____

**THOMAS GARBETT, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 252nd District Court**
**Jefferson County, Texas**
**Trial Cause No. 18-30163**

**MEMORANDUM OPINION**

The trial court denied appellant Thomas Garbett's pretrial plea of former jeopardy and collateral estoppel. Garbett filed an accelerated appeal with this Court. We questioned our jurisdiction over the appeal. The State filed a response, but Garbett did not. In its response, the State asserts that in the underlying case, the State filed an eight-count indictment against Garbett, and after a jury trial, Garbett was found not guilty of three counts, and the remaining five counts resulted in a mistrial.

1

From the limited record currently before us, it appears that the charges of which Garbett complains have not yet been litigated. We lack jurisdiction to review interlocutory orders unless that jurisdiction has been expressly granted by law. *Apolinar v. State*, 820 S.W.2d 792, 794 (Tex. Crim. App. 1991). Although a trial court may construe a motion asserting double jeopardy as an application for habeas corpus, intermediate Courts of Appeals may not do so. *Ex parte Cantu*, 913 S.W.2d 701, 704 (Tex. App.—San Antonio 1995, pet. ref'd). Nothing in the limited record before us suggests that the trial court treated Garbett's motion as an application for writ of habeas corpus. We conclude that the order from which Garbett appeals is interlocutory, and we therefore lack jurisdiction over the appeal. *See Apolinar*, 820 S.W.2d at 792; *Ex parte Cantu*, 913 S.W.2d at 704. Accordingly, the appeal is dismissed for lack of jurisdiction.

APPEAL DISMISSED.

_____
STEVE McKEITHEN
Chief Justice

Submitted on April 16, 2019
Opinion Delivered April 17, 2019
Do Not Publish

Before McKeithen, C.J., Kreger and Horton, JJ.

2