A. Sanchez v. The State.

No. 7534.   Decided June 13, 1923.

**1.—Transporting Intoxicating Liquor—Jury Commissioners—Grand Jury.**

In the absences of a showing that the failure of the trial judge to order a jury commission at the preceding term was not upon good cause, the presumption of the legality of his conduct will prevail.  Following Johnson v. State, 14 Texas Crim. App., 310.

**2.—Same—Search Warrant—Evidence.**

Upon trial of transporting intoxicating liquor proof that such liquor was found in possession of defendant without a search warrant was properly received.  Following Welcheck v. State, 93 Texas Crim. Rep., 271.

**3.—Same—Indictment—Percentage of Alcohol.**

Where the indictment charged the transportation of spirituous, vinous and malt liquors capable of producing intoxication, no averment of the percentage of alcohol contained in the liquor was required.  Following Estell v. State, 240 S. W. Rep., 913.

Appeal from the District Court of Presidio.   Tried below before the Honorable James Cornell.

Appeal from a conviction of unlawfully transporting intoxicating liquor; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*DeWitt Murray* for appellant.

*R. G. Storey*, Assistant Attorney General, for the State.

MORROW, Presiding Judge.—The conviction is for the unlawful transportation of intoxicating liquor; punishment fixed at confinement in the penitentiary for a period of one year.

Complaint is made of the refusal of the court to quash the indictment.   The attack made in the trial court was by a motion in which it is charged that the trial judge at the next preceding term neglected and refused to appoint jury commissioners to select a grand jury for the succeeding term and that in consequence thereof the grand jury that found the bill of indictment against the appellant was selected by a jury summoned by the sheriff.   The bill contains this statement:

"*** that the court neglected and failed at such prior term to appoint jury commissioners for the purpose of drawing a grand jury, or other jury."

It is said in the bill that "it was proved to the court that the allegations set out in the above motion were true."   The law directs a jury commission to be appointed which shall select a grand jury for

the next succeeding term. See Art. 384, C. C. P. In Art. 399, C. C. P., power is given the trial court to cause the sheriff to summon persons who may be impaneled as grand jurors. The language used is this:

"If, *for any cause,* there should be a *failure to select and summon a grand jury,* as herein directed, or, when none of those summoned shall attend the district court shall, one the first day of the organization thereof, direct a writ to be issued to the sheriff, commanding him to summon any number of persons, not less than twelve nor more than sixteen persons, to serve as grand jurors."

The words "if for any cause" as contained in the statute, have been construed to mean "if for any good cause. This we understand to be the effect of Woolen's case, 68 Texas Crim. Rep. 189. From Ex parte Holland, 91 Texas Crim. Rep. 339, 238 S. W. Rep., 656, we take the following:

"At a regular term, the preferred way of selecting a grand jury is by jury commissioners. This is emphasized in White v. State, 45 Tex. Cr. R. 597, 78 S. W. 1066, and Woolen v. State, 68 Tex. Cr. R. 181, 150 S. W. 1165, to which we referred in the original opinion, and that method is not to be arbitrarily disregarded at a special term. But with this qualification, article 399 of the Code of Criminal Procedure is, in our judgment, also available, and in this connection, we will add that in a case like the present, where it is not apparent that there will be need for a grand jury at the beginning of the term and there was good cause for not then appointing jury commissioners and causing a grand jury to be selected by them, and subsequent developments made a grand jury necessary, it might be selected by the sheriff in accord with article 399. See King v. State, (Tex. Cr. App.) 90 Texas Crim. Rep., 289, 234 S. W. 1107."

The trial court may not arbitrarily or captiously ignore the provisions of Article 384 supra. The Legislature, having by Article 399, supra, conferred upon the trial judge the power to select a grand jury by means named in that article under certain circumstances, the existence of such conditions as authorize his action will be presumed in support of it unless the contrary is made to appear. One who attacks the ruling of the trial court assumes the burden of overcoming the presumption that obtains in its favor. See Johnson v. State, 14 Texas Crim. App. 310; also numerous cases cited in Vernon's Crim. Stat., Vol. 2, pages 889 and 897; also pages 892 and 893. The record in the instant case failing to show that the failure of the trial judge to order a jury commission at the preceding term *was not upon good cause,* the presumption of the legality of his conduct will prevail.

Proof that intoxicating liquor was found in possession of the appellant without a search-warrant was properly received. See Welchek v. State, 93 Texas Crim. Rep., 271, 247 S. W. Rep. 524.

The indictment charged the transportation of "spirituous, vinous

and malt liquors capable of producing intoxication." No averment of the percentage of alcohol contained in the liquors was required. See Estell v. State, 91 Texas Crim. Rep., 481, 240 S. W. Rep. 913.

The judgment is affirmed.

There are no other matters requiring discussion.

*Affirmed.*