### LOWELL SUIT V. STATE

No. 27,279.   January 19, 1955

*Clyde W. Woody,* Houston, for appellant.

*Dan Walton,* District Attorney, *Eugene Brady,* Assistant District Attorney, Houston, and *Wesley Dice,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

The grand jury for the November Term, 1953, of the Criminal District Court No. 3 of Harris County, on April 15, 1954, returned an indictment against appellant charging him with having sold heroin, a narcotic drug, to one **Bob Richards** on or about February 27, 1954.

The November term of said Criminal District Court No. 3 of Harris County by law begins on the first Monday in November, and continues until the business is disposed of. Another term begins on the first Monday in February.

The indictment was therefore returned during the February term by the grand jury for the prior November term.

Appellant, having been convicted under said indictment and assessed a term of ten years in the penitentiary, has appealed and assigns as his first ground for reversal the invalidity of the indictment, a question not raised in the trial court.

The question calls for a construction of Art. 338 (a) V.A. C.C.P., (applicable to counties of over 500,000 population) pursuant to which the trial judge during the November term, 1953, of said court entered the following order:

"It having been made known to me, as Judge of the Criminal District Court No. 3 of Harris County, Texas, by the declaration of the Foreman of the Grand Jury of this County and State, which Grand Jury has not adjourned, and the Term of this Court expiring on January 30th, 1954, that the Investigation of the Grand Jury of the matters now before it cannot be concluded before the expiration of the said Term, and I being the Judge of said Court in which the said Grand Jury was empanelled do hereby extend for a period of ninety days after the expiration of said November Term, A.D. 1953, during which period said Grand Jury shall sit for the purpose of concluding the matters now before said Grand Jury, and the Clerk of this Court is hereby ordered to enter this order on the minutes of this Court."

It is appellant's contention that since the order empowered the grand jury only to conclude matters then before it and the act charged did not occur until after the November Term had expired, the act for which appellant was indicted was not and could not have been a matter before said grand jury at the

24

November Term which could not be concluded before the expiration of said term.

The state contends that Art. 338(a) C.C.P. does not require that the particular defendant be under investigation by the grand jury during the term for the particular offense for which an indictment is returned after the order of extension was entered, and points to that part of the statute which provides "and all indictments returned by the Grand Jury within said extended period shall be as valid as if returned before the expiration of the term."

The question not having been raised in the trial court, the record is rather meager as to the activity of the grand jury which returned the indictment. It is shown, however, that the state's witness Bob Richards and three other employees of the narcotics division of the Texas Department of Public Safety were engaged in accumulating evidence in narcotics cases from January 20th or 29th until April 9th, as a result of which the witness Richards charged 29 people before the grand jury.

W. E. Naylor, chief of the said narcotics division, testified that Richards worked out of his department, and the investigation was completed "The night all of them people were picked up. I believe it was the 9th (of April)." He testified also "We were making a continued investigation in Houston during the time, this period of time."

Naylor also testified that the money with which the purchase of narcotics was made was received by him from a Mr. Cook "who was hired by the Harris County Grand Jury." Bob Richards testified that he obtained the purchase money from his boss, Naylor.

It is apparent from the foregoing that prior to the expiration of the November term the grand jury was engaged in an investigation concerning traffic in narcotics or violations of the Texas Narcotic Drug Act in Harris County, which investigation could not be concluded during the term, and the order extending the period for the grand jury to sit was entered so as to permit the investigation to continue and be concluded.

The overall investigation appears to us to have been the very kind and type of situation which the statute was designed to meet. Appellant's case was developed as a part of such investigation.

Whether the record justifies our conclusion as to the type of investigation being conducted by the grand jury when the order of extension was entered is not controlling however, for the state was not under the burden to show the facts supporting the trial court's order.

If appellant desired to question the validity of the indictment it was incumbent upon him to show that the order of extension was invalid as to his case. This court will presume that an indictment was returned by a properly organized grand jury unless the record discloses otherwise. Sanchez v. State, 94 Texas Cr. Rep. 606, 252 S.W. 548.

We hold that the fact that the offense here charged was not committed until after the term had expired and the order of extension under Art. 338(a) V.A.C.C.P. had been entered does not establish the invalidity of the indictment returned by the grand jury during the 90-day extension period.

The overruling of appellant's motion for continuance because of the absence of a witness presents no reversible error. In the absence of an affidavit from the witness, showing that he would have testified as claimed, the trial court did not abuse his discretion in overruling appellant's motion for new trial based upon the application for continuance. Morris v. State, 158 Texas Cr. Rep. 516, 251 S.W. 2d 731; Cockrell v. State, 135 Texas Cr. Rep. 218, 117 S.W. 2d 1105.

Appellant complains of the severity of the punishment assessed against him.

The punishment, being within the statute, was for the jury.

The evidence, from the standpoint of the state, shows a sale of two capsules of heroin by appellant to the witness Bob Richards, for which appellant was paid $14.00. The narcotic was delivered by Richards to his superior, W. E. Naylor, who furnished the money for its purchase, as a part of the undercover activity of said officers.

The evidence sustains the conviction and no reversible error appears.

The judgment is affirmed.