The STATE of Texas, Appellant

v.

Leah Ann FLOURNOY; Pleas Williams IV; Rosemary Sandoval; Kevin Dewayne Butler; Richard Jeremy Veatch; Marte Dshon Fox; Manuel Calderon; Charleston Ray Franklin; Glen Lagail Davis; Richard Shellhorse; Ardelsa Lee Brown; Chadrick Etrom Kennedy; Dominick Lamar Reese; Norris Burnett; Samuel Hugh Evans; Kevin Roy Williams; Jerry Alan Lewis; Pleas Williams III; Jimmy Joe Lain; Tony Cornell Thompson; Andy Julian Sandoval; Jared Thomas Baker; Mary Cook; Julio Cesar Garza; Xavier Derek Jefferson; Xavier Jefferson; James Edward Merchant; Tommy Price; Darrell McKee Williams, Appellees.

Nos. 14–05–00238–CR; 14–05–00239–CR; 14–05–00240–CR; 14–05–00241–CR; 14–05–00242–CR; 14–05–00243–CR; 14–05–00299–CR; 14–05–00300–CR; 14–05–00301–CR; 14–05–00302–CR; 14–05–00303–CR; 14–05–00304–CR; 14–05–00305–CR; 14–05–00306–CR; 14–05–00307–CR; 14–05–00308–CR; 14–05–00715–CR; 14–05–00716–CR; 14–05–00717–CR; 14–05–00718–CR; 14–05–00719–CR; 14–05–00720–CR; 14–05–00721–CR; 14–05–00722–CR; 14–05–00723–CR; 14–05–00724–CR; 14–05–00725–CR; 14–05–00727–CR; 14–05–00728–CR; 14–05–00729–CR; 14–05–00731–CR; 14–05–00732–CR; 14–05–00733–CR; 14–05–00734–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Jan. 24, 2006.

Lanny D. Ray, Huntsville, for appellants.

David P. Weeks, Huntsville, for State.

Panel consists of Chief Justice HEDGES and Justices YATES and ANDERSON.

## OPINION

LESLIE BROCK YATES, Justice.

This is an appeal from the February 18, 2005 dismissal of thirty-nine[1] indictments by the 278th Judicial District Court of Walker County, Texas. The indictments were handed down by a grand jury during an extension of its original term. The trial court found the indictments invalid and issued an order quashing all indictments that were filed in the 278th District Court and were handed down during the extended term. The State appeals, arguing in six issues that the trial court erred in quashing the indictments and in attaching certain grand jury documents to the record.[2] Because we find a hearing was required to determine the validity of the indictments, we reverse and remand for proceedings consistent with this opinion.

The grand jury for the July–December 2004 term of the 12th Judicial District Court of Walker County, Judge William McAdams presiding, timely requested an extension of its term. Judge McAdams issued an order extending the grand jury's term for up to ninety days, and on January 11, 2005 and February 10, 2005, the grand jury handed down approximately eighty indictments. Thirty-nine of those indictments were filed in the 278th Judicial District Court of Walker County, Judge Kenneth Keeling presiding. Six de-

1. The 278th Judicial District Court's February 18, 2005 order to quash included thirty-nine indictments. Five of those indictments were otherwise disposed of while this appeal was pending, leaving thirty-four remaining when this opinion issued.

2. The parties dispute whether the documents, entitled "Grand Jury Docket," are secret grand jury minutes and properly attached to the record. Because we reverse and remand on other grounds, we need not decide the nature of these documents or whether it was error to attach them to the record. However, for purposes of this appeal, we refer to the documents as "grand jury minutes."

fendants in that court filed motions to quash their indictments, and a hearing was set for February 18, 2005 on one of the six motions. On that date and without a hearing, Judge Keeling issued an order quashing as unconstitutional all thirty-nine indictments filed in his court. Judge Keeling gave two grounds for his order: (1) Judge McAdams's extension order was impermissibly broad and (2) the grand jury improperly considered new matters during its holdover period. This appeal followed.

■ In its first four issues, the State challenges Judge Keeling's order to quash the indictments, arguing that he lacked authority to do so without a hearing, erred in finding the order extending the grand jury's term invalid, and erred in finding the cases at issue were improperly taken up by the grand jury. We review a trial court's ruling on a motion to quash an indictment for abuse of discretion. *Thomas v. State*, 621 S.W.2d 158, 163 (Tex.Crim. App.1980); *State v. Goldsberry*, 14 S.W.3d 770, 772 (Tex.App.-Houston [1st Dist.] 2000, pet. ref'd).

■ The Texas Constitution guarantees defendants the right to indictment by a grand jury for all felony offenses. Tex. Const. art. I, § 10; *Cook v. State*, 902 S.W.2d 471, 475 (Tex.Crim.App.1995). The filing of a valid indictment in the appropriate court vests the court with jurisdiction. Tex. Const. art. V, § 12(b); *Cook*, 902 S.W.2d at 476. A trial court may not quash an indictment without the State's consent unless authorized by constitution, statute, or common law. *State v. Terrazas*, 962 S.W.2d 38, 40–41 (Tex.Crim. App.1998). A defendant challenging an indictment carries the burden of proof in a motion to quash. *Wheat v. State*, 537

S.W.2d 20, 21 (Tex.Crim.App.1976). When the challenge pertains to an order extending the grand jury's term, the defendant must show the order was invalid as to his case. *Suit v. State*, 161 Tex.Crim. 22, 274 S.W.2d 701, 703 (1955). The grand jury is presumed to have been properly organized unless the record discloses otherwise. *Id.*

The Texas Code of Criminal Procedure provides, in relevant part, as follows:

> [T]he judge of the district court in which said grand jury was impaneled may, by the entry of an order on the minutes of said court, extend, from time to time, *for the purpose of concluding the investigation of matters then before it*, the period during which said grand jury shall sit, for not to exceed a total of ninety days after the expiration of the term for which it was impaneled, and all indictments pertaining thereto returned by the grand jury within said extended period shall be as valid as if returned before the expiration of the term.

Tex.Code Crim. Proc. Ann. art. 19.07 (Vernon 2005) (emphasis added). In his order, Judge McAdams extended the grand jury "for a period not more tha[n] ninety (90) days beginning January 1, 2004,[3] for the purpose of investigating matters which could not be concluded before the expiration of the term," omitting the statutory language "then before it." Judge Keeling found, and appellees argue, that this language impermissibly broadened the grand jury's authority by allowing it to consider new matters during its extended period. However, although the order is potentially ambiguous, we disagree that the defect is sufficient to automatically invalidate all indictments handed down by the grand jury during its extended term. Rather, it is incumbent on each defendant to show the

---

**3.** Judge McAdams subsequently issued a nunc pro tunc order to correct the date to 2005 rather than 2004.

order was invalid as to his case. *See Suit*, 274 S.W.2d at 703.

 Judge Keeling found that the grand jury took up and indicted new matters after January 1, 2005. However, the record before him was insufficient to support this finding. Judge Keeling relied on the dates listed in pre-January 2005 grand jury minutes on file in his court and the dates listed on the indictments. In making this comparison, he concluded that because most of the indictments were dated during the extension term and were not listed in the pre-January 2005 grand jury minutes,[4] they were new matters taken up during the extended term. However, the grand jury minutes did not indicate when the cases were actually investigated. A grand jury's investigation during its original term may continue into its extended term and include crimes committed after the original term has expired. *See id.* (permitting indictment for narcotics sale committed during extended period when grand jury began investigation into narcotics before its original term expired). Thus, merely comparing the date of the indictments with the grand jury minutes fails to resolve the question of whether each case was already under investigation before the grand jury's original term expired.

 We find that Judge Keeling should have held a hearing to determine whether the motion to quash should have been granted as to each case.[5] *See Ray v. State*, 561 S.W.2d 480, 481 (Tex.Crim.App. 1977) (noting that a hearing should have been held on motion to quash indictment due to defect in pre-indictment process). The State is entitled to an opportunity to present evidence in response to a motion to quash. *See Goldsberry*, 14 S.W.3d at 775 (requiring motions to quash to be in writing to give the State an opportunity to amend indictment or "to prepare for a hearing on such issue"). Here, Judge Keeling decided the issue without allowing the State to present evidence despite the fact that a hearing was scheduled for one of the cases. Moreover, the State received no notice that Judge Keeling would rule on the remaining cases. We find Judge Keeling abused his discretion in issuing an order quashing thirty-nine indictments without a hearing. Thus, we sustain the State's first four issues.[6] Having done so, we need not reach the State's fifth and sixth issues complaining of Judge Keeling's attachment of the grand jury minutes to the record. Accordingly, we reverse

4. The record shows that four of the quashed indictments were actually recorded as "pass" votes in the grand jury's pre-January 2005 minutes. It is unclear from the record why these cases were passed and later indicted or whether they were under investigation by the grand jury during its regular term. A hearing is necessary to resolve these extra-record issues.

5. Appellant filed a motion to supplement the record on appeal with a transcript of a hearing conducted in Judge McAdams's court on March 3, 2005, regarding the cases that were filed with his court. Appellees filed a response in which they agreed to supplement the record, and we granted appellant's mo-

tion. However, we decline to consider this transcript of a hearing held before a different judge after the indictments were quashed as substantive evidence in this case.

6. Although we sustain the State's third issue in which it contends Judge Keeling erred in finding the grand jury took up cases that were not "matters then before it" at the expiration of its 2004 term, we do not decide what constitutes matters before the grand jury for purposes of this appeal. Rather, we hold only that a hearing was required to determine, on a case-by-case basis, whether each defendant showed the extension order was invalid as to his case. *See Suit*, 274 S.W.2d at 703.

the order and remand these cases for proceedings consistent with this opinion.