Reversed and Remanded and Opinion filed January 24, 2006









Reversed and Remanded and Opinion filed January 24,
2006.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

THE
STATE OF TEXAS, Appellant

 

NOS.   14-05-00238-CR;
14-05-00239-CR; 14-05-00240-CR; 14-05-00241-CR; 

14-05-00242-CR;
14-05-00243-CR; 14-05-00299-CR; 14-05-00300-CR;

14-05-00301-CR;
14-05-00302-CR; 14-05-00303-CR; 14-05-00304-CR; 

14-05-00305-CR;
14-05-00306-CR; 14-05-00307-CR; 14-05-00308-CR;

14-05-00715-CR;
14-05-00716-CR; 14‑05-00717-CR; 14-05-00718-CR; 

14-05-00719-CR;
14-05-00720-CR; 14-05-00721-CR; 14-05-00722-CR;

14-05-00723-CR;
14-05-00724-CR; 14-05-00725-CR; 14-05-00727-CR; 

14-05-00728-CR;
14-05-00729-CR; 14-05-00731-CR; 14-05-00732-CR;

14-05-00733-CR; 14-05-00734-CR          

V.

 

 

LEAH
ANN FLOURNOY; PLEAS WILLIAMS IV; ROSEMARY SANDOVAL; KEVIN DEWAYNE BUTLER;
RICHARD JEREMY VEATCH; MARTE DSHON FOX; MANUEL CALDERON; CHARLESTON RAY
FRANKLIN; GLEN LAGAIL DAVIS; RICHARD SHELLHORSE; ARDELSA LEE BROWN; CHADRICK
ETROM KENNEDY; DOMINICK LAMAR REESE; NORRIS BURNETT; SAMUEL HUGH EVANS; KEVIN
ROY WILLIAMS; JERRY ALAN LEWIS; PLEAS WILLIAMS III; JIMMY JOE LAIN; TONY
CORNELL THOMPSON; ANDY JULIAN SANDOVAL; JARED THOMAS BAKER; MARY COOK; JULIO
CESAR GARZA; XAVIER DEREK JEFFERSON; XAVIER JEFFERSON; JAMES EDWARD MERCHANT;
TOMMY PRICE; DARRELL MCKEE WILLIAMS, Appellees

 



On
Appeal from the 278th District Court

Walker
County, Texas

Trial
Court Cause Nos. 

22669;
22663; 22659; 22683; 22739; 22673; 22685; 22691; 22695; 22697; 22705; 22709;
22711; 22727; 22731; 22735; 22675; 22661; 22665; 22671; 22667; 22687; 22679;
22657; 22713; 22693; 22707; 22699; 22703; 22701; 22689; 22733; 22737; 22725










O P I N I O N

This is an appeal from the February 18,
2005 dismissal of thirty-nine[1]
indictments by the 278th Judicial District Court of Walker County, Texas.  The indictments were handed down by a grand
jury during an extension of its original term. 
The trial court found the indictments invalid and issued an order
quashing all indictments that were filed in the 278th District Court handed
down during the extended term.  The State
appeals, arguing in six issues that the trial court erred in quashing the
indictments and in attaching certain grand jury documents to the record.[2]  Because we find a hearing was required to
determine the validity of the indictments, we reverse and remand for
proceedings consistent with this opinion.

The grand jury for the JulyBDecember 2004 term
of the 12th Judicial District Court of Walker County, Judge William McAdams
presiding, timely requested an extension of its term.  Judge McAdams issued an order extending the
grand jury=s term for up to ninety days, and on
January 11, 2005 and February 10, 2005, the grand jury handed down
approximately eighty indictments.  Thirty-nine
of those indictments were filed in the 278th Judicial District Court of Walker
County, Judge Kenneth Keeling presiding. 
Six defendants in that court filed motions to quash their indictments,
and a hearing was set for February 18, 2005 on one of the six motions.  On that date and without a hearing, Judge
Keeling issued an order quashing as unconstitutional all thirty-nine
indictments filed in his court.  Judge
Keeling gave two grounds for his order: (1) Judge McAdam=s extension order
was impermissibly broad and (2) the grand jury improperly considered new
matters during its holdover period.  This
appeal followed.








In its first four issues, the State
challenges Judge Keeling=s order to quash the indictments, arguing
that he lacked authority to do so without a hearing, erred in finding the order
extending the grand jury=s term invalid, and erred in finding the
cases at issue were improperly taken up by the grand jury.  We review a trial court=s ruling on a
motion to quash an indictment for abuse of discretion.  Thomas v. State, 621 S.W.2d 158, 163
(Tex. Crim. App. 1980); State v. Goldsberry, 14 S.W.3d 770, 772 (Tex.
App.CHouston [1st
Dist.] 2000, pet. ref=d). 


The Texas Constitution guarantees
defendants the right to indictment by a grand jury for all felony offenses. Tex. Const. art. I, ' 10; Cook v.
State, 902 S.W.2d 471, 475 (Tex. Crim. App. 1995).  The filing of a valid indictment in the
appropriate court vests the court with jurisdiction.  Tex.
Const. art. V, ' 12(b); Cook, 902 S.W.2d at
476.  A trial court may not quash an
indictment without the State=s consent unless
authorized by constitution, statute, or common law.  State v. Terrazas, 962 S.W.2d 38, 40B41 (Tex. Crim.
App. 1998).  A defendant challenging an
indictment carries the burden of proof in a motion to quash.  Wheat v. State, 537 S.W.2d 20, 21
(Tex. Crim. App. 1976).  When the
challenge pertains to an order extending the grand jury=s term, the
defendant must show the order was invalid as to his case.  Suit v. State, 274 S.W.2d 701, 703
(Tex. Crim. App. 1955).  The grand jury
is presumed to have been properly organized unless the record discloses
otherwise.  Id.  

The Texas Code of Criminal Procedure
provides, in relevant part, as follows:

[T]he judge of the
district court in which said grand jury was impaneled may, by the entry of an
order on the minutes of said court, extend, from time to time, for the
purpose of concluding the investigation of matters then before it, the
period during which said grand jury shall sit, for not to exceed a total of
ninety days after the expiration of the term for which it was impaneled, and
all indictments pertaining thereto returned by the grand jury within said
extended period shall be as valid as if returned before the expiration of the
term.








Tex. Code Crim. Proc. Ann. art. 19.07
(Vernon 2005) (emphasis added).  In his
order, Judge McAdams extended the grand jury Afor a period not
more tha[n] ninety (90) days beginning January 1, 2004,[3]
for the purpose of investigating matters which could not be concluded before
the expiration of the term,@ omitting the
statutory language Athen before it.@  Judge Keeling found, and appellees argue,
that this language impermissibly broadened the grand jury=s authority by
allowing it to consider new matters during its extended period.  However, although the order is potentially
ambiguous, we disagree that the defect is sufficient to automatically
invalidate all indictments handed down by the grand jury during its extended
term.  Rather, it is incumbent on each
defendant to show the order was invalid as to his case.  See Suit, 274 S.W.2d at 703. 

Judge Keeling found that the grand jury
took up and indicted new matters after January 1, 2005.  However, the record before him was
insufficient to support this finding. 
Judge Keeling relied on the dates listed in pre-January 2005 grand jury
minutes on file in his court and the dates listed on the indictments.  In making this comparison, he concluded that
because most of the indictments were dated during the extension term and were
not listed in the pre-January 2005 grand jury minutes,[4]
they were new matters taken up during the extended term.  However, the grand jury minutes did not
indicate when the cases were actually investigated.  A grand jury=s investigation
during its original term may continue into its extended term and include crimes
committed after the original term has expired. 
See Suit, 274 S.W.2d at 703 (permitting indictment for narcotics
sale committed during extended period when grand jury began investigation into
narcotics before its original term expired). 
Thus, merely comparing the date of the indictments with the grand jury
minutes fails to resolve the question of whether each case was already under
investigation before the grand jury=s original term
expired.  








We find that Judge Keeling should have
held a hearing to determine whether the motion to quash should have been
granted as to each case.[5]  See Ray v. State, 561 S.W.2d 480, 481
(Tex. Crim. App. 1977) (noting that a hearing should have been held on motion
to quash indictment due to defect in pre-indictment process).  The State is entitled to an opportunity to
present evidence in response to a motion to quash.  See Goldsberry, 14 S.W.3d at 775
(requiring motions to quash to be in writing to give the State an opportunity
to amend indictment or Ato prepare for a hearing on such issue@).  Here, Judge Keeling decided the issue without
allowing the State to present evidence despite the fact that a hearing was
scheduled for one of the cases. 
Moreover, the State received no notice that Judge Keeling would rule on
the remaining cases.  We find Judge
Keeling abused his discretion in issuing an order quashing thirty-nine
indictments without a hearing.  Thus, we
sustain the State=s first four issues.[6]  Having done so, we need not reach the State=s fifth and sixth
issues complaining of Judge Keeling=s attachment of the
grand jury minutes to the record. 
Accordingly, we reverse the order and remand these cases for proceedings
consistent with this opinion.

 

/s/      Leslie
Brock Yates

Justice

 

Judgment
rendered and Opinion filed January 24, 2006.

Panel
consists of Chief Justice Hedges and Justices Yates and Anderson.

PublishC Tex. R. App. P. 47.2(b).











[1]  The 278th
Judicial District Court=s February 18, 2005 order to quash included
thirty-nine indictments.  Five of those
indictments were otherwise disposed of while this appeal was pending, leaving
thirty-four remaining when this opinion issued.





[2]  The parties
dispute whether the documents, entitled AGrand
Jury Docket,@ are secret grand jury minutes and properly attached
to the record.  Because we reverse and
remand on other grounds, we need not decide the nature of these documents or
whether it was error to attach them to the record.  However, for purposes of this appeal we refer
to the documents as Agrand jury minutes.@





[3]  Judge McAdams
subsequently issued a nunc pro tunc order to correct the date to 2005 rather
than 2004.





[4]  The record
shows that four of the quashed indictments were actually recorded as Apass@ votes in the grand jury=s
pre-January 2005 minutes.  It is unclear
from the record why these cases were passed and later indicted or whether they
were under investigation by the grand jury during its regular term.  A hearing is necessary to resolve these
extra-record issues.





[5]  Appellant
filed a motion to supplement the record on appeal with a transcript of a
hearing conducted in Judge McAdam=s court
on March 3, 2005, regarding the cases that were filed with his court.  Appellees filed a response in which they
agreed to supplement the record, and we granted appellant=s motion. 
However, we decline to consider this transcript of a hearing held before
a different judge after the indictments were quashed as substantive evidence in
this case.  





[6]  Although we
sustain the State=s third issue in which it contends Judge Keeling erred
in finding the grand jury took up cases that were not Amatters then before it@ at the expiration
of its 2004 term, we do not decide what constitutes matters before the grand
jury for purposes of this appeal. 
Rather, we hold only that a hearing was required to determine, on a
case-by-case basis, whether each defendant showed the extension order was
invalid as to his case.  See Suit,
274 S.W.2d at 703.